# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LLOYD BROWN, JR., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 1:16-CV-260-TLS |
| DAVID GILBERT, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Lloyd Brown, Jr., a Plaintiff proceeding pro se, filed an Amended Complaint [ECF No. 5] against Defendants David Gilbert, Penny K. Hix, Jess Alumbaugh, J. Mitchener, T. Brady, Alex Kenworthy, B. McKnight, J. Swanson, D. Sessoms, J. Hurlburt, B. Ridgway, Brian F. McLane, Dana J. Kenworthy, Warrens Haas, Caralyn J. Mawery, the City of Marion, the County of Grant, and Jane Does. He also filed a Motion for Leave to Proceed *in forma pauperis* [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In an August 5, 2016 Order, Judge Moody ordered the Plaintiff's initial Complaint stricken because it was nearly 100-pages long and included "recitations of legal conclusions . . . [but] hardly any factual allegations." (Order 2, ECF No. 4.) The Plaintiff was given opportunity to file an amended complaint, which the Plaintiff did on August 29, 2016. While it is shorter, the Amended Complaint [ECF No. 5] still relies on legal conclusions and fails to provide clear factual allegations suggesting entitlement to relief. Brown's apparent legal theory is that all of the Defendants are liable for violating his civil rights based on their various roles in the Order of Protection proceedings. Brown devotes a paragraph in his Complaint to each step in the proceedings, couching little more than names and dates amid an endless string of legal conclusions. Absent factual allegations to support his legal conclusions, Brown's entitlement to relief does not rise above the "merely speculative" level. *Tamayo*, 526 F.3d at 1083. Accordingly, the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until November 27, 2016, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his amended complaint, the Plaintiff should state the key facts supporting his claim, rather than merely provide legal conclusions. Additionally, the Plaintiff should specify which Defendants the claims are asserted against and what each Defendant did in relation to that claim, including the date it happened. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended

complaint by DATE, the Court will direct the Clerk to close this case. Should he choose, the Plaintiff is permitted to pursue his claims in state court. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010).

For the foregoing reasons, the Court **DENIES** the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] and **DISMISSES** the Amended Complaint [ECF No. 5]. The Court **GRANTS** the Plaintiff until November 27, 2016, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee;

SO ORDERED on October 28, 2016.

       s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT