# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LLOYD BROWN, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | )  CAUSE NO.: 1:16-CV-260-TLS |
| DAVID GILBERT, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Lloyd Brown, Jr., a Plaintiff proceeding pro se, filed a Third Amended Complaint [ECF No. 15] against Defendants David Gilbert, Jess Alumbaugh, J. Mitchener, T. Brady, Alex Kenworthy, B. McKnight, J. Swanson, D. Sessoms, J. Hurlburt, B. Ridgway, Brian F. McLane, Dana J. Kenworthy, Warren Haas, Caralyn J. Mawery, the City of Marion, the County of Grant, and Jane Does on February 15, 2017.[1] He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 14] on the same day. For the reasons set forth below, the Plaintiff's Motion is DENIED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court notes that this is not the first case filed by the Plaintiff. Beginning in 1994, the Plaintiff has filed numerous cases in the Northern District of Indiana, including: 1:94-CV-290 (filed Oct. 3, 1994); 1:94-CV-328 (Nov. 7, 1994); 1:94-CV-347-WCL (filed Nov. 21, 1994); 1:98-CV-256-WCL (filed Aug. 25, 1998); 1:97-CV-370-RBC (filed Oct. 8, 1998); 3:99-CV-367-AS (filed Jun. 24, 1999); 3:00-CV-57-AS (filed Jan. 25, 2000); 3:01-CV-187-AS (filed Mar. 2, 2001); 3:01-CV-326-RLM-CAN (filed Apr. 25, 2001); 1:03-CV-302-WCL-RBC (filed Aug. 11, 2003); 2:03-CV-448-PPS (filed Oct. 23, 2003); 1:04-CV-457-TLS-RBC (filed Dec. 6, 2004); 1:04-CV-469-TLS-RBC (filed Feb. 14, 2005); 1:05-CV-2-TLS-RBC (Feb. 24, 2005); 3:05-CV-443-AS-CAN (July 25, 2005); 3:05-CV-444-AS-CAN (July 25, 2005); 1:07-CV-10-JVB-RBC (filed Jan. 19, 2007); 3:07-CV-101-AS (filed Mar. 13, 2007); 1:15-CV-83-JVB-SLC (filed Apr. 13, 2015).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

The inquiry does not end there, however. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . .

claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In an August 5, 2016 Order, Judge Moody ordered the Plaintiff's initial Complaint stricken because it was nearly 100-pages long and included "recitations of legal conclusions . . . [but] hardly any factual allegations." (Order 2, ECF No. 4.) The Plaintiff was given opportunity to file the First Amended Complaint [ECF No. 5], which the Plaintiff did on August 29, 2016. While it was shorter, the First Amended Complaint still relied on legal conclusions and failed to provide clear factual allegations suggesting entitlement to relief. The Court denied this First Amended Complaint on October 28, 2016 [ECF No. 9].

On November 28, 2017, the Plaintiff filed a Second Amended Complaint [ECF No. 10]. The Plaintiff in that Complaint again couched little more than names and dates amid an endless string of legal conclusions. Accordingly, the Court dismissed the Second Amended Complaint and dismissed the claims against Penny K. Hix with prejudice because it was not plausible for her to have violated the Plaintiff's constitutional rights under 42 U.S.C. § 1983 as a private citizen.

The Court again gave the Plaintiff leave to file a Third Amended Complaint, which he filed on February 15, 2017. The Third Amended Complaint is more compact, at six pages with various exhibits attached. It appears to catalog the Plaintiff's ongoing legal battle over a contentious relationship with Hix, which resulted in an Ex Parte Order for Protection (the "Order of Protection") issued against him. (3d Am. Compl. 2.) The Order for Protection appears to stem from an incident occurring on either May 28, or May 29, 2015, in which the Plaintiff was

arrested by the Marion County Police Department. (*Id.*) The arrest likely pertained to the Plaintiff's relationship with Hix, who filed the petition for the Order of Protection on May 29, 2015. (*Id.* at 8.) Grant Superior Court Magistrate Judge McLane granted the petition, and the Plaintiff received a Notice to Appear on June 5, 2015.[2] (*Id.*) The Notice to Appear scheduled a hearing for June 30, 2015, although it appears from the Third Amended Complaint that the hearing took place on June 29, 2015, before Judge Kenworthy. (*Id.* at 4.)

On June 1, 2015, the Plaintiff filed a case in the Grant Superior Court before Judge Warren Haas. (*Id.* at 9.) The case was tried and held on July 2, 2015, in which the Plaintiff alleged a dispute between himself and Hix over money owed to him for storage rental and dependent income tax exemptions. (*Id.*) In a "Summary and Order Taking No Action," Judge Haas referred to the Plaintiff and Hix as "Landlord" and "Tenant" respectively, and found in favor of Hix with costs assessed to the Plaintiff. (*Id.*) After the trial, the Plaintiff filed an undated "Complaint Against Judge" with the Indiana Commission on Judicial Qualifications. (*Id.* at 10–12.) In the document, the Plaintiff alleged Judge Haas improperly ruled in his case because he violated his Fourteenth Amendment due process rights, improperly declined to issue a subpoena to Hix to produce certain documents, improperly blocked the Plaintiff from producing evidence at the trial, and improperly declined to recuse himself because of his prior position as an "acting prosecuting attorney for the child protection service for the family and social service" in a prior civil case against the Plaintiff. (*Id.*)

Although the Plaintiff's Third Amended Complaint is more succinct than his previous filings, his allegations are still nothing more than legal conclusions. Absent factual allegations to support his legal conclusions, the Plaintiff's entitlement to relief does not rise above the "merely

---

[2] The Plaintiff has attached a Notice to Appear for the Order for Protection to his Third Amended Complaint, signed by Judge McLane on June 4, 2015. (3d Am. Compl. 8.)

speculative" level. *Tamayo*, 526 F.3d at 1083. The Plaintiff generally alleges that all of the Defendants—eight officers from the Marion County Police Department, Judges McLane, Kenworthy and Hass, the Grant County Clerk, the unnamed Jane Does whom are Marion domestic violence advocates, the Mayor of the City of Marion, the City of Marion, and Grant County—violated his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. The Plaintiff does not set forth any factual allegations as to how his apparent arrest by the Marion Police Department was improper. The Plaintiff does not set forth any factual allegations as to how his constitutional rights were violated when the Order for Protection was issued. He does not set forth any factual allegations for how he was deprived of legal representation, a trial by jury, or his due process rights at his June 29, 2015, hearing or his July 2, 2015, small claims trial. The Plaintiff's factual allegations do not plausibly suggest that Judge Haas's failure to recuse himself because he allegedly prosecuted the Plaintiff in a separate civil matter years before, was a constitutional violation. Even if Judge Haas improperly declined to recuse himself, it is a "fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct." *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (first citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), then citing *Forrester v. White*, 484 U.S. 219, 225–29 (1988)).

Even with its reduced length, the Third Amended Complaint still lacks organization and coherence, requiring the Court to extrapolate and infer facts largely from the exhibits attached. Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). The Third Amended Complaint also does not mention how the City of Marion County, Grant County, or the unnamed Jane Does violated his civil rights under § 1983. "To form a defense, a defendant must know what he is

5

defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Id.* at 799.

Because the Plaintiff has failed to cure the deficiencies the Court identified in its January 13, 2017, Opinion and Order [ECF No. 12], or in the Court's prior orders on August 5, 2016 [ECF No. 4], and October 28, 2016 [ECF No. 9], the Plaintiff's Third Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). Thus, even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Amended Complaint does not set forth factual allegations that raise the Plaintiff's right to relief above the speculative level.

After three attempts, the Court does not see how the Plaintiff in a fourth amended complaint could set forth facts sufficient to state a claim for relief that is plausible on its face. "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Id.* (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994)). Accordingly, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Third Amended Complaint with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** the Third Amended Complaint [ECF No. 15] and **DENIES** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 14].

SO ORDERED on March 17, 2017.

                                       s/ Theresa L. Springmann
                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT